**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 3:23cr183 (JCH) |
| | : | |
| CHRISTOPHER PURVIS | : | MARCH 31, 2025 |
| Defendant. | : | |

**SECOND PRETRIAL ORDER**

Government counsel:   Natasha Freismuth, Assistant U.S. Attorney

Defense counsel:   Carly Levenson, Assistant Federal Public Defender

The court intends to select a jury for this case on **SEPTEMBER 29, 2025**. Any issues with discovery must be brought to the court's attention immediately.

1. **Jury Selection**

    A.  Counsel for the government and the defendant shall confer in an effort to file a joint proposed statement describing, as briefly as possible, the nature of the case and submit this statement to the court no later than **SEPTEMBER 15, 2025**. This statement will be read to the jury panel during jury selection. Absent agreement, counsel for the government and the defendant shall each submit a brief summary of the case no later than **SEPTEMBER 15, 2025**.

    B.  Jury selection will be held on **SEPTEMBER 29, 2025, at 9:00 am.** Counsel and the defendant are expected to be in court at **8:30 am.** for pre-jury selection matters. Counsel must submit any proposed voir dire questions they would like the court to ask the jury panel on or before **SEPTEMBER 15, 2025**.

    C.  Peremptory Challenges — Jurors and Alternate Jurors: The number of peremptory challenges, and the procedure for exercising the peremptory challenges of the government and the defendant, in accordance with Rule 24(b) and (c) of the Federal Rules of Criminal Procedure, will be determined at the pretrial conference on **SEPTEMBER 23, 2025.**

1

**2.** **Trial Schedule**

The trial is currently scheduled to begin **SEPTEMBER 30, 2025**. Each trial day will commence for counsel no later than 9:15 am. Evidence begins at 9:30 am and ends by 4:00 pm. Trial dates are subject to reasonable adjustment by the court, and counsel should be prepared accordingly.

**3.** **Witnesses**

- A. Counsel for the government shall provide counsel for the defendant with a final witness list no later than **AUGUST 11, 2025**, if it has not already done so. The government will be expected to make a showing of good cause for any late notice of its intention to call additional or substituted witnesses who are not included on its final witness list.

- B. Counsel for the government shall provide counsel for the defendant with any Jencks Act and Giglio material for each of its witnesses no later than **AUGUST 18, 2024**. Any reverse disclosure material shall also be provided by defendant by **AUGUST 25, 2025**.

- C. The parties shall submit final witness lists to the court no later than **SEPTEMBER 15, 2025**. Further, the parties shall indicate whether they wish to have a witness sequestration order entered in this case at a pretrial conference, provisionally scheduled for **SEPTEMBER 23, 2025**. The government may request to have a case agent present at counsel table for the duration of the trial.

- D. If the government or defendant intend to proffer any expert testimony, the government and defendant must disclose its experts' qualifications, opinions, and bases therefor by **SEPTEMBER 5, 2025**, if it has not already done so. If an opposing party has any objection to an expert, including under Kumho or Rule 702 of the Federal Rules of Evidence, that party must make a motion to preclude such expert no later than **SEPTEMBER 10, 2025**, and any opposition to such motion must be filed by **SEPTEMBER 17, 2025**.

**4.** **Exhibits**

- A. Counsel for the government and the defendant shall meet no later than **SEPTEMBER 15, 2025**, to pre-mark the exhibits that they intend to offer at trial. All of the exhibits shall be pre-marked for identification and, to the extent possible, as full exhibits. **The parties should avoid marking exhibits a, b, c, d, etc.** The exhibits shall be numbered, to the extent practicable, in the order that they are likely to be offered, using exhibit tags, which can be provided by the Clerk's Office upon request. In order

to coordinate exhibit identification to ensure that exhibits and exhibit numbers are not duplicated, exhibit numbers should begin as follows:

| | |
|---|---|
| Government's exhibits | 1 |
| Defendant's exhibits | 1000 |

B.      No later than **SEPTEMBER 18, 2025**, counsel for the government and the defendant shall provide the court with a list of exhibits and one copy of all exhibits (except firearms, contraband, and other physical objects) that will be introduced at trial, as well as one copy of all exhibits for the Deputy Clerk, including in electronic format, pursuant to the Jury Evidence Recording System (JERS) requirements. Information on submission of electronic evidence can be found at: http://ctd.uscourts.gov/jury-evidence-recording-system-jers. This link can also be accessed via the District of Connecticut website under "For Attorneys/Courtroom Technology/Jury Evidence Recording System (JERS)." Any party wishing to be exempt from using JERS when presenting evidence during trial must file a motion to that effect.

C.      Any diagrams, drawings, written demonstrative aids, or markings on exhibits should be drawn or marked before the witness with which they are to be used takes the stand, and should be disclosed to opposing counsel no later than 3 pm of the court day two days preceding the proposed adoption. Absent objection, the witness may then adopt the diagram, drawing, written demonstrative aid, or marking and tell the jury what it represents. Any objection must be raised at or before 3:00 pm on the day before such diagram, drawing, written demonstrative aid, or marking will be used during trial.

D.      Counsel are also advised to direct witnesses to review all exhibits about which they will be questioned on direct-examination prior to trial. Any testifying government agents should bring any reports or declarations they have prepared in connection with this case to the witness stand when they testify.

**5.**      **Evidentiary Issues**

A.      Counsel for the government and the defendant shall file any motions <u>in limine</u> on any anticipated evidentiary issue no later than **SEPTEMBER 8, 2025**. Objections to any such motion shall be filed no later than **SEPTEMBER 15, 2025**.

B.      At a pretrial conference, scheduled for **SEPTEMBER 23, 2025**, the court will hear argument and evidence on any evidentiary issues, objections to exhibits or witnesses, motions <u>in limine</u>, or other matters raised in motions

           as required above.  The defendant is required to be present at this hearing.

C.     If significant objections arise after the filing of motions, as required by paragraph A above, counsel shall prepare a written motion setting forth all specific objections, supported by legal memoranda citing appropriate supporting authorities.  However, the court will not consider other issues before or during the trial that are not raised by motion with accompanying legal memoranda in accordance with the deadlines listed above, absent a strong showing that counsel could not, by the exercise of due diligence, have raised the issue sooner.  Counsel are advised that, where any such matters could not have been raised by the deadline in paragraph A above, counsel should bring the matter to the court's attention as soon as counsel becomes aware of the issue.

D.     The court intends for all trial testimony to be presented without interruption on each day of trial, excluding recesses.  The court expects to hear argument on issues that are raised in the course of the trial only in advance of the start of evidence, at the end of evidence, or at the beginning of any recesses.  Arguments on such issues will not be entertained at the end of a recess or during testimony.  Counsel are advised that the court does not intend to hold bench or chambers conferences during the trial day.

**6.    <u>Stipulations</u>**

The parties will file a joint list of stipulated facts (if any) in a form to be read to the jury no later than **SEPTEMBER 15, 2025.**

**7.    <u>Jury Instructions and Verdict Forms</u>**

A.     The court will provide counsel with proposed pretrial jury instructions to be read at the beginning of evidence.  Counsel for the government and the defendant will have the opportunity to submit proposed modifications to the pretrial jury instructions.

B.     The parties shall submit any requests to charge and proposed jury instructions by **SEPTEMBER 15, 2025**.  Prior to the charging conference, the court will provide the parties with a draft of the jury instructions to be read at the conclusion of evidence.  Counsel shall be expected to state any objections to the jury instructions at the charging conference and to provide written memoranda citing supporting authorities and providing any alternative instruction counsel considers more appropriate in light of the supporting authorities cited.

8. **Rule 404(b) Evidence**

Pursuant to Rule 404(b) of the Federal Rules of Evidence, no later than **SEPTEMBER 8, 2025**, the government shall submit, if necessary, notice of any additional "other crimes, wrongs, or acts" evidence that it may introduce during the trial. If there are objections to any area of inquiry identified in the government's supplemental memorandum, counsel for the defendant shall file a motion in limine identifying the area of inquiry objected to and the basis for the objection no later than **SEPTEMBER 15, 2025**. Counsel for the government and the defendant should be prepared to argue any such objections at a pretrial conference, provisionally scheduled for **SEPTEMBER 23, 2025**.

9. **Objections**

Any objections to this Order shall be made in writing within five (5) days of the issuance of this Order.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 31st day of March 2025.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge